1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8

JOE REED,                                    )          3:07-CV-00149-BES (RAM)
                                             )
9                                            )
              Plaintiff,                     )
10                                           )          **REPORT AND RECOMMENDATION**
       vs.                                   )          **OF U.S. MAGISTRATE JUDGE**
11                                           )
JOE BRACKBILL, et al.,                       )
12                                           )
              Defendants.                    )
13 _____)

14          This Report and Recommendation is made to the Honorable Brian E. Sandoval, United

15   States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant

16   to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

17          Before the court is Plaintiff's Motion for a Temporary Restraining Order and/or

18   Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(A)(B) (Doc. #14). Defendants opposed

19   the motion (Doc. #55) and Plaintiff replied in the form of a motion to strike Defendants'

20   opposition (Doc. #21).

21                                    **I.  BACKGROUND**

22          Plaintiff alleges that for one year he has been trying to get Defendants to correct the

23   inadequate orthopedic boots they have forced upon him (Doc. #14 at 2).  Plaintiff claims he

24   cannot wear flat-soled shoes and the state boots do not have a high enough heel on them to

25   relieve the pressure on Plaintiff's lower back (*Id.*).  Plaintiff contends the boots he is currently

26   forced to wear are inadequate in the following ways: 1) the outer soles are flat; 2) they don't

27   have a high enough heel to help relieve the pressure of the build up on the left boot, which

28   causes Plaintiff to put more pressure on his right foot when walking; and, 3) the build up is

uneven on the front and sides of the boots with a deep slope/incline (Doc. #14 at 3).  Plaintiff alleges he has already suffered irreparable harm and damage to his lower back at the hands of Defendants and that he continues to suffer irreparable harm to his lower back by being forced to wear the inadequate orthopedic boots (*Id.)*.

Plaintiff's Second Amended Complaint (Doc. #11) includes the following causes of action: 1) violation of Plaintiff's Eighth and Fourteenth Amendment rights against cruel and unusual punishment (re: hemorrhoids); 2) violation of Plaintiff's Eighth and Fourteenth Amendment rights and gross negligence (re: hepatitis C liver disease); and, 3) violation of Plaintiff's Eighth and Fourteenth Amendment rights against cruel and unusual punishment (re: forcing Plaintiff to kneel down and have his hands cuffed behind his back and his legs restrained with ankle cuffs, then made to stand and walk to and from the shower and yard for exercise time without his proscribed orthopedic boots) (*Id*. at 4-6).

## II.  LEGAL STANDARD

A fundamental principle of a preliminary injunction is the basic function to preserve the status quo ante litem pending a determination of the action on the merits. *Larry P. v. Riles*, 502 F.2d 963, 965 (9th Cir. 1974); *Washington Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 476 (9th Cir. 1969); *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804 (9th Cir.) *cert. denied*, 375 U.S. 821 (1963).  In the Ninth Circuit, the moving party must meet one of two tests.  "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).  Alternatively, in this Circuit, the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.  These [last two criteria] are not separate tests, but the outer reaches 'of a single continuum.'" *Los Angeles*

1    *Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1200 -1201 (9th

2    Cir. 1980) (internal citations omitted).

3        "The critical element ... is the relative hardship to the parties. If the balance of harm

4    tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of

5    success on the merits as when the balance tips less decidedly. No chance of success at all,

6    however, will not suffice." *Benda v. Grand Lodge of Intern. Ass'n of Machinists and*

7    *Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978). At an irreducible minimum, Plaintiff

8    must show that there is a fair chance of success on the merits. *Immigrant Assistance Project*

9    *of Los Angeles County Fed'n of Labor v. Immigration and Naturalization Serv.,* 306 F.3d

10   842, 873 (9th Cir. 2002); *see also Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1319 (9th Cir. 1994)

11   (quoting *Martin v. Int'l Olympic Comm.,* 740 F.2d 670, 674-75 (9th Cir. 1984)). On the other

12   hand, even if the harm factor favors the nonmoving party, a preliminary injunction may still

13   be granted if the moving party can show a strong likelihood of success on the merits.

14   *Immigrant Assistance Project,* 306 F.3d at 873.

15       For some requested preliminary injunctions, the moving party has an even heavier

16   burden. This heightened burden applies when the preliminary injunction would "(1) disturb

17   the status quo, (2) [is] mandatory as opposed to prohibitory, or (3) provide[s] the movant

18   substantially all the relief he may recover after a full trial on the merits." *Kikumura v. Hurley,*

19   242 F.3d 950, 955 (9th Cir. 2001). Where the requested preliminary injunction alters the

20   status quo, the movant will ordinarily find it difficult to meet its heavy burden without

21   showing a likelihood of success on the merits. *Id.*

22

23                                    **III. DISCUSSION**

24       Plaintiff requests a temporary restraining order and/or preliminary injunction

25   permanently enjoining Defendants from forcing Plaintiff to accept and wear inadequate

26   orthopedic boots (Doc. #14 at 1). Plaintiff asserts the inadequate boots have caused

27   irreparable harm and damage to Plaintiff's hip and back (*Id.*). Plaintiff alleges that Defendants

28                                         3

knew he was going to eventually have to accept the inadequate boots because his old orthopedic boots were so worn out that they hurt Plaintiff's lower back (Doc. #14 at 3). Plaintiff seeks an order from the district court directing NDOC and Bannister to issue a new adequate pair of orthopedic boots with a buildup measuring two (2) inches and with thicker soles and higher heels (*Id*. at 8). Plaintiff also requests the district court order Defendants to take pictures of Plaintiff's old orthopedic boots and Plaintiff's current inadequate orthopedic boots (*Id*. at 9). Finally, Plaintiff seeks an order directing Defendants to transfer Plaintiff out of the care and custody of Defendants Brackbill, McDaniel, Endel and Brooks because Plaintiff fears for his life and safety at the hands of these Defendants and questions their ability to protect Plaintiff and treat his life-threatening illnesses (*Id*.).

Defendants argue that Plaintiff has not met his burden of showing he will suffer irreparable injury because he was issued a new pair of orthopedic boots (Doc. #15 at 3). Furthermore, Defendants argue that Plaintiff has failed to show he will likely prevail on the merits because Plaintiff's claim regarding the issued orthopedic boots is simply a difference of opinion between the parties and Defendants are attempting to treat Plaintiff's condition (*Id*. at 4). Defendants also argues the following: 1) the balance of hardships does not tip in Plaintiff's favor because a preliminary injunction will limit Defendants' ability to treat Plaintiff and interfere with the decision-making of prison officials, which will harm Defendants more than Plaintiff; 2) the issues do not involve the public interest; and, 3) Plaintiff's request goes beyond maintaining the status quo (*Id*. at 5-6). Finally, Defendants assert Plaintiff cannot claim that a general lack of exercise of due care creates a Fourteenth Amendment issue; therefore, he will not likely prevail on the merits under the Due Process Clause (*Id*. at 5).

Plaintiff responds that defense counsel has failed to investigate the adequateness of Plaintiff's medical treatment and has submitted a misleading pleading claiming Plaintiff has been given a new pair of adequate orthopedic boots (Doc. #21 at 2). Plaintiff asserts that he filed several grievances about being forced to accept the inadequate boots and Defendants

refused to correct his boots (Doc. #21 at 2).  Plaintiff alleges Defendants have conspired and acted deliberately indifferent to his serious medical condition by failing to correct the inadequate boots, failing to treat Plaintiff's hemorrhoid and failing to treat Plaintiff's lower back pain over a four-year period (*Id*. at 2-3).  Plaintiff further responds that his claim is not simply a difference of opinion between the parties because Defendants denied to correct their deliberate indifference by stating Plaintiff is not eligible to have the measurement on the current boots corrected and is not eligible for a new pair of orthopedic boots (*Id*. at 3).  Finally, Plaintiff responds that, given the issue and arguments involved, it is in the public interest for this court to strike Defendants' opposition and grant Plaintiff's motion ordering Defendants to correct the inadequateness of the new orthopedic boot buildup and transfer Plaintiff to a new prison out of the care of Defendants (*Id*. at 4).

Plaintiff requests the court order an emergency telephone conference call on the instant motion asserting that, after seeing the inadequacy of Plaintiff's boots, Dr. Mar refused to have the boots corrected stating "they could not spend any more money [and] that Plaintiff is just going to have to wear those inadequate boot[s] [and] Plaintiff could have only a pair of doctor sole's shoes insert ..." (Doc. #16 at 3).  Plaintiff also asserts Dr. Mar refused to allow Plaintiff to receive surgery on his "grape like size hemorrhoid" and Dr. Mar "willingly and unconstitutionally started to yank on Plaintiff['s] hemorrhoid" because Dr. Mar was mad at Plaintiff over the inadequate orthopedic boots (*Id*.).

**1.**   **Mandatory vs. Prohibitory Injunctions**

A prohibitory preliminary injunction preserves the status quo, while a mandatory injunction "goes well beyond simply maintaining the status quo *pendente lite* [and] is particularly disfavored." *Anderson*, 612 F.2d at 1114 (*quoting Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)).  When a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving party. *Id.; Stanley v. Univ. of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994).  "[C]ourts are

more reluctant to grant a mandatory injunction than a prohibitory one and ... generally an injunction will not lie except in prohibitory form. Such mandatory injunctions, however, are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Anderson*, 612 F.2d at 1115 (*citing Clune v. Publishers' Assn. of New York City*, 214 F.Supp. 520 (S.D.N.Y. 1963), *aff'd per curiam*, 314 F.2d 343 (2d Cir. 1963)).

This injunction, if granted, requires affirmative conduct on the part of Defendants, in that they must provide Plaintiff with new orthopedic boots and possibly transfer Plaintiff to a new prison out of the care of Defendants. Accordingly, Plaintiff's motion for such "mandatory preliminary relief" is subject to heightened scrutiny and should not issue unless the facts and law clearly favor Plaintiff. *Anderson*, 612 F.2d at 1114; *see also Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

**2.    Probable Success on the Merits and Possibility of Irreparable Injury**

Plaintiff's Complaint alleges violations of Plaintiff's Eighth and Fourteenth Amendment rights based on Defendants' alleged denial of proper medical treatment (Doc. #11). Plaintiff's status determines the appropriate standard for evaluating his conditions of confinement. The Eighth Amendment applies to "convicted prisoners." *See Whitley v. Albers*, 475 U.S. 312, 318-319 (1986); *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). The more protective Fourteenth Amendment standard applies to conditions of confinement when detainees have not been convicted. *See Bell*, 441 U.S. at 535-537; *see also Gary H. v. Hegsrtom*, 831 F.2d 1430 (9th Cir. 1987). Here, Plaintiff has been convicted; therefore, the Eighth Amendment standard applies to Plaintiff's claims.

A.    Deliberate Indifference Standard

Under the Eighth Amendment, where inmates challenge prison conditions, the Supreme Court has applied a "deliberate indifference" standard. In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court determined that deliberate indifference to a prisoner's

serious medical needs constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment.  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once proscribed." *Estelle*, 429 U.S. at 104-105.  Deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983. *Id*. at 105.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  A showing of medical malpractice or negligence is insufficient to establish a violation under the Eighth Amendment. *Id*.  Instead, Plaintiff must meet two requirements in order to show Defendants acted deliberately indifferent to his serious medical needs.  First, Plaintiff must show, as an objective matter, that Defendants' actions rise to the level of a "sufficiently serious" deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also, Rhodes v. Chapman*, 452 U.S. 337, 345-346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Second, as a subjective matter, Plaintiff must show Defendants had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.  In other words, Plaintiff must show Defendants knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it either by their actions or inactions. *Id*. at 837.  Plaintiff need not show Defendants acted or failed to act believing that harm actually would befall him; it is enough that Defendants acted or failed to act despite having knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

In seeking injunctive relief, the subjective factor should be determined in light of Defendants' current attitudes and conduct, their attitudes and conduct at the time this suit was brought and their attitudes persisting thereafter. *Id*. at 845.  To establish eligibility for an injunction, Plaintiff must demonstrate the continuance of Defendants' knowing and unreasonable disregard of an objectively intolerable risk of harm during the remainder of this

litigation and into the future. *Farmer*, 511 U.S. at 846.  If the court finds the Eighth Amendment's subjective and objective requirements satisfied, appropriate injunctive relief may be granted. *Id.*

  B.  <u>Probable Success on the Merits</u>

   a.  *Objective Component – Sufficiently Serious Deprivation*

  First, Plaintiff must show a sufficiently serious deprivation by showing Defendants' alleged actions or inactions involve the "unnecessary and wanton" infliction of pain, which includes inflictions of pain that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (internal citations omitted).  The Ninth Circuit has found "[a] 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' The 'routine discomfort' that results from incarceration and which is 'part of the penalty that criminal offenders pay for their offenses against society' does not constitute a 'serious' medical need." *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (internal citations omitted).  "In examining medical conditions separate from the 'routine discomfort' of incarceration, indicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment of treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain." *Id.* at 546, n.3.

  Here, Plaintiff asserts Defendants are forcing him to wear an orthopedic boot that is substandard and causing foot problems (Doc. #11 at 20).  Namely, Plaintiff asserts his new orthopedic boots are inadequate and hurt his lower back and cause blisters due to an uneven buildup on the left boot (Doc. #14 at 2).  The record indicates Plaintiff has refused to accept two (2) pairs of boots.  Initially, Plaintiff requested a new pair of orthopedic boots because his old boots were worn out (Doc. #11 at 20).  Then, after Defendants offered Plaintiff a new pair of orthopedic boots, Plaintiff claimed they were inadequate and wanted his old pair of

8

orthopedic boots returned back to him at once (Doc. #11 at 34). Apparently, Plaintiff requested special boots ordered from an outside vendor, which would put lifts on the boots for his medical condition because the state boots were allegedly too flat (*Id.* at 20). Defendants refused and informed Plaintiff they do not use outside vendors (*Id.*). It appears Bannister informed Plaintiff that his state boots could be altered to meet his needs (*Id.* at 20) and the record indicates Plaintiff's state boots were, in fact, altered; however, Plaintiff found the altered state boots inadequate (*Id.* at 22 ("I can't wear state boot and you had these orthopedic boots made out of state boots trying to save the State of Nevada Dept. of Correction money by taking a short cut to provide me with a pair of orthopedic boots by using state boot.")).

No reasonable doctor found the existence of an injury important or worthy of comment to opine Plaintiff cannot wear state boots or altered state boots (*Id.* at 22). Plaintiff's mere assertion that he cannot wear state boots, even if altered into orthopedic boots, is simply a difference of medical opinion. In fact, Plaintiff's Complaint does not allege that Defendants refused to provide Plaintiff with prescribed orthopedic boots; instead, Plaintiff's Complaint ultimately alleges Defendants refused to provide Plaintiff with a pair of "adequate" orthopedic boots that meet Plaintiff's satisfaction. Therefore, at best, Plaintiff's Complaint alleges a difference in medical judgment. Furthermore, there is no indication in the record that Plaintiff's new orthopedic boots significantly affect Plaintiff's daily activities and, while Plaintiff complains of low back pain and blisters caused by the new boots, Plaintiff was advised by medical authorities to wear the boots a little at a time in order to break them in (*Id.* at 25). Plaintiff disagrees with this treatment. "While it is clear that a refusal to permit medical treatment may, in certain circumstances, be actionable under the Civil Rights Act, a difference of opinion between a prisoner patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a claim under the Act." *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970) (internal citations omitted).

Under these facts, Plaintiff has failed to establish Defendants' conduct is incompatible with the "evolving standards of decency that mark progress of a maturing society" or that Defendants' conduct constitutes the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 102-103 (citations omitted). Furthermore, Plaintiff has failed to show that Defendants' issuance of a new pair of orthopedic boots made out of state boots, which Plaintiff finds inadequate, is sufficiently serious enough to meet the objective component necessary to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("The objective component of an Eighth Amendment claim is therefore contextual and responsive to contemporary standards of decency....extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. A similar analysis applies to medical needs. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious" *Id.* at 8-9 (internal quotations and citations omitted)).

       b.    *Subjective Component – Knowledge of Substantial Risk of Harm*

Where Plaintiff has failed to meet the objective component of establishing a deprivation sufficiently serious under Eighth Amendment standards, the court need not consider the subjective component. *See Rhodes v. Chapman*, 452 U.S. 337 (1981) (Supreme Court noted its decision turned on the objective component of the Eighth Amendment claim and did not consider the subjective component); *see also, McKinney v. Anderson*, 959 F.2d 853 (9th Cir. 1992).

This Report and Recommendation turns on the objective component; therefore, the court need not consider Defendants' knowledge of a substantial risk of harm to Plaintiff.

C.    Irreparable Injury

Plaintiff has failed to show he will possibly suffer irreparable injury where he has not shown a sufficiently serious injury to establish a constitutional violation.

**3.    Serious Questions Raised and Balance of Hardships**

Plaintiff asserts the instant motion and Complaint raise serious questions and the balance of hardships tips sharply in his favor (Doc. #14 at 8).  However, as previously discussed, the critical element is the relative hardship to the parties and, under the continuum or sliding scale articulated in *Benda*, at an irreducible minimum, Plaintiff must show that there is a fair chance of success on the merits. 584 F.2d at 315.  No chance of success at all will not suffice. *Id*.  Furthermore, Plaintiff requests mandatory injunctive relief and, therefore, carries an even heavier burden of showing a likelihood of success on the merits. *Kikumura,* 242 F.3d at 955.

Plaintiff has failed to meet his heavy burden.  Even if the balance of hardships tipped decidedly in Plaintiff's favor, he was required to at least make a minimal showing of success on the merits.  He has not done so.  No chance of success on the merits on Plaintiff's Eighth Amendment claim regarding his orthopedic boots, regardless of the balance of hardships possibly tipping in Plaintiff's favor, prevents the court from issuing a temporary restraining order or a preliminary injunction.

**IV.  CONCLUSION**

Plaintiff has not met the requirements necessary in order for the district court to grant a temporary restraining order or preliminary injunction.  Plaintiff has failed to show a likelihood of success on the merits and, as required in order to issue a mandatory injunction, Plaintiff has failed to show the facts and law clearly favor him.  Furthermore, Plaintiff has failed to show, at an irreducible minimum, even a fair chance of success on the merits where he has not shown Defendants acted with deliberate indifference to his serious medical needs by providing him with a new pair of orthopedic boots that medical authorities find adequate,

11

although Plaintiff disagrees.  Finally, any relative hardship to Plaintiff does not overcome the fact that no chance of success on the merits will not suffice for an Eighth Amendment claim.

Accordingly, the district court should deny Plaintiff's request for a temporary restraining order and/or preliminary injunction ordering Defendants to issue Plaintiff a new pair of "adequate" orthopedic boots, to take pictures of Plaintiff's old and current orthopedic boots, and to transfer Plaintiff out of the custody of Defendants.  Additionally, as the facts do not warrant it, the district court should deny Plaintiff's request for an emergency telephone conference call on the instant motion.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(A)(B) (Doc. #14).

The parties should be aware of the following:

1.     That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED:  November 15, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12