# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOE REED,

    Plaintiff,

vs.

RICHARD INGRAM, et al.,

    Defendants.

3:07-cv-00149-RCJ (RAM)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss. (Doc. #13.)[1] Plaintiff did not file an opposition. After a thorough review, the court recommends that the motion should be granted.

## I. BACKGROUND

This is an action alleging constitutional claims under 42 U.S.C. § 1983. On March 28, 2007, Defendants removed this action from state court. (Doc. #1.) Plaintiff was an inmate in the custody of Nevada Department of Corrections (NDOC) until his discharge from prison in July 2009. (Doc. #93 at 2.) On October 9, 2009, Defendants filed their motion to dismiss.[2] (Doc. #96.) The court set the deadline to oppose the motion to dismiss for November 2, 2009. (Doc. #97.) After receiving no submission from Plaintiff, the court extended the deadline an

---

[1] Refers to the court's docket number.

[2] Defendants move to dismiss based on Plaintiff's failure to notify the court of his change of address. (Defs.' Mot. to Dismiss 1-3.) After reviewing the docket, it appears Plaintiff has updated his address with the court. However, Plaintiff has nonetheless failed to oppose Defendants' Motion to Dismiss or otherwise appear in this case since his release from prison.

additional twenty days. (Doc. #100.) After this deadline expired, the court extended the deadline for Plaintiff to file an opposition until December 30, 2009. (Doc. #101.) At this point in the proceedings, the record reveals that Plaintiff has filed no opposition to the motion to dismiss.

## II. DISCUSSION

The Local Rules of this court provide that a party's failure to file a memorandum in opposition to a motion constitutes consent to granting the motion. *See* Local Rules of Practice, LR 9014(d)(3). The failure to follow the local rules or an order of the court is proper grounds for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). Before such a dismissal, however, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423; *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

Applying this balancing test, the court finds that the public interest favors granting the motion because Plaintiff has failed to oppose it despite multiple extensions of deadlines. The repeated failure to comply with this court's orders and instructions results in the waste of public resources. With respect to the second factor, the need to manage the court's docket in light of the various pressing civil and criminal matters before it favors dismissal. Plaintiff has prevented his case from advancing for more than five months. The third factor favors granting the motion because it would prejudice Defendants to subject them to the burdens of further

1 litigation after Plaintiff chose not to participate in the proceedings. The fifth factor also favors
2 dismissal, as the court has undertaken the less drastic measure of repeatedly warning Plaintiff
3 that his failure to file an opposition could constitute consent to dismissal. *See Buss v. Western*
4 *Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984), *cert. denied*, 469 U.S. 1192 (warning
5 plaintiff that failure to obey a court order will result in dismissal satisfies the requirement that
6 the court consider alternatives).

7 The court finds that the motion should be granted. The interest in disposing the case
8 on its merits is greatly outweighed by the factors favoring dismissal. Moreover, this ruling does
9 not bar Plaintiff from pursuing his claims in the future. Even though the courts liberally
10 construe pleadings by pro se plaintiffs, the rules of procedure still apply. *Ghazali*, 46 F.3d at
11 53 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). When a litigant does not follow
12 them, the case is properly dismissed. *Id.*

### III. RECOMMENDATION

14 **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order
15 **GRANTING** Defendants' Motion to Dismiss (Doc. #96) without prejudice.

16 The parties should be aware of the following:

17 1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and LR IB 3-2 of the
18 Local Rules of Practice, specific written objections to this Report and Recommendation within
19 fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate
20 Judge's Report and Recommendation" and should be accompanied by points and authorities
21 for consideration by the District Court.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

2.     That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: May 12, 2010.

_____
UNITED STATES MAGISTRATE JUDGE